United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60339

_____

CLAUDIA SMITH; ET AL.,

                                                     Plaintiffs,

CLAUDIA SMITH; WILBERT WALKER,

                                       Plaintiffs - Appellees,

                         versus

REBECCA CRYSTIAN; MARTHA SHAFFER,

                                     Plaintiffs - Appellants,

                         versus

TOWER LOAN OF MISSISSIPPI INC.; AMERICAN FEDERATED INSURANCE
CO.; AMERICAN FEDERATED LIFE INSURANCE CO.; FIRST TOWER LOAN
INC.,

                                     Defendants - Appellees,

                         versus

CLIFTON GRAY; LARRY PICKENS; 693 MOVANT OBJECTORS,

                                     Appellants.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:98-CV-212-BrR

_____

Before JOLLY, DUHÉ and STEWART, Circuit Judges.

PER CURIAM:[*]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This appeal challenges the district court's class certification under FED. R. CIV. P. 23, its approval of the parties' settlement, its refusal to hold a third fairness hearing, and the notice provided for that fairness hearing. For the following reasons, we AFFIRM.

First, we address the district court's certification of the class and note the limited nature of our review:

> [T]he district court maintains substantial discretion in determining whether to certify a class action, a decision we review only for abuse. Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation. Whether the district court applied the correct legal standard in reaching its decision on class certification, however, is a legal question that we review de novo.

Allison v. Citgo Petroleum Corp., 151 F.3d 402, 408 (5th Cir. 1998)(internal citations omitted); see also Jenkins v. Raymark Industries, Inc., 782 F.2d 468, 471-72 (5th Cir. 1986) (stating "[a]ssuming the court considers the Rule 23 criteria, we may reverse its decision only for abuse of discretion").

Against this deferential backdrop, it is clear that the district court's certification of a mandatory class under FED. R. CIV. P. 23 was proper. First, the district court did not abuse its discretion in finding that the class action prerequisites listed in Rule 23(a) were satisfied. See James v. City of Dallas, Tex., 254 F.3d 551, 571 (5th Cir. 2001).

Second, the district did not abuse its discretion when it found that the requirements listed in FED. R. CIV. P. 23(b)(1)(A) were met.  In the instant case, numerous claims have already been filed or are expected to be filed against Tower and each has requested or probably will request injunctive relief seeking to modify Tower's business practices.  Moreover, the plaintiffs' complaint in this case requested multiple equitable remedies.  See Allison, 151 F.3d at 421 n.16. (stating that a risk of inconsistent adjudications is presented when the parties present claims for injunctive or equitable relief).[1]

---

[1]The plaintiff's second amended complaint requested the following equitable relief:

> (a) A Court determination that the defendant, Tower, has violated the terms of that certain Consent Decree with the Federal Trade Commission, which required the defendant to include credit life and credit disability insurance charges as finance charges on the Truth in Lending Statements furnished to its borrowers who were charged for Credit Life and Credit Disability Insurance.
>
> (b) A Court determination of the rights of plaintiffs and the Class and corresponding rights of defendants.
>
> (c) An order enjoining defendants from engaging in further unfair, misleading and deceptive practices regarding the manner in which it procures and places credit life, credit disability and property insurance on the plaintiffs and Class Members, as well as future borrowers.
>
> (d) A Court Order requiring defendant to refund to plaintiffs and all Class Members all premiums and related charges made to defendant

3

These facts support the district court's conclusion that this case presents an inherent risk that different courts could reach "inconsistent or varying adjudications" which would "establish incompatible standards of conduct" for Tower. FED. R. CIV. P.

---

or its agents.

(e) A Court Order requiring the defendant to cease and desist from violating Section 75-67-121 of Mississippi Code by charging premiums not in keeping with that usually and customarily paid for like insurance.

(f) A Court Order requiring the defendant to cease and desist from violating Section 85-5-35 by engaging in Unfair Competition and Practices, by making, publishing and disseminating to the public false and misleading statements concerning the availability of loans, the costs of said loans, and the collateral to be taken for said loans.

(g) A Court Order requiring the defendants to inform all borrowers of the ownership, financial connection, and sharing of the borrower's premiums for all insurance charged by the defendant, Tower.

(h) A Court order requiring the defendants to terminate all "packing" of credit life, credit disability and property insurance unless and until the proposed plan is submitted to and approved by the Court.

(i) A Court Order requiring the defendants to allow property insurance claims to be filed and adjusted without requiring the borrower to obtain an appraisal.

(j) A Court Order establishing a fair method by which the borrowers have the option to file credit insurance claims directly with the insurance company.

4

23(b)(1)(A). For instance, the class sought "[a] Court Order establishing a fair method by which the borrowers have the option to file credit insurance claims directly with the insurance company." If similar relief is requested in another proceeding, a risk of incompatible standards of conduct could present itself if the two courts establish conflicting "fair methods" for filing credit insurance claims.

In sum, these considerations persuade us that the district court did not abuse its discretion when it certified the class under 23(b)(1)(A).[2]

Third, it is similarly clear that the district court did not abuse its discretion when it approved the parties' settlement. We initially note the "strong judicial policy favoring the resolution of disputes through settlement." Parker v. Anderson, 667 F.2d 1204, 1209 (5th Cir. 1982). Therefore, a district court's approval of a settlement is given great deference and "will not be upset unless the court clearly abused its discretion." Id.

In the instant case, the district court applied the proper standard and found that the settlement was fair and reasonable. See id.[3] The objectors strenuously contend that the settlement was

_____

[2]Based upon our decision that the district court did not abuse its discretion when it certified the class under 23(b)(1)(A), we need not address the alleged error regarding the district court's alternative holding certifying the class under 23(b)(2).

[3]A district court shall not approve a settlement unless it is fair, adequate, and reasonable. Parker, 667 F.2d at 1209. In evaluating proposed settlements the district court should consider

5

inadequate as evidenced by larger settlements and verdicts that have been obtained by plaintiffs in other cases. However, these cases are not relevant to the fairness of <u>this</u> settlement unless they are shown to be similar to the plaintiffs' claims against Tower -- a showing which has not been made. Moreover, even if these cases establish the appropriate benchmark, there is still no clear abuse of discretion because a number of the claims against Tower would probably be barred by the statute of limitations or subject to arbitration if filed individually. Thus, even if the monetary and compensatory relief provided by the settlement is not comparable to the relief provided in other cases, when these awards are discounted by the probability that the objectors will lose, the district court did not clearly abuse its discretion in approving the settlement.

---

six factors:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

<u>Id.</u> (citing <u>Pettway v. American Cast Iron Pipe Co.</u>, 576 F.2d 1157 (5th Cir. 1978)). Absent a showing of fraud or collusion, "the most important factor is the probability of the plaintiffs' success on the merits." <u>Id.</u>

6

Finally, we are not convinced that the district court erred when it refused to hold a third fairness hearing given the failure of the objectors to demonstrate before the district court any substantial issues requiring such a hearing beyond those that had been presented previously.  See Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977) (recognizing a district court's right to "limit its proceeding to whatever is necessary to aid it in reaching an informed, just and reasoned decision").  Even assuming an error, however, it was harmless given the failure of the objectors to demonstrate prejudice to this court on appeal.  See FED. R. CIV. P. 61.  Moreover, any allegation that the notice of the second fairness hearing was inadequate is without merit.  FED. R. CIV. P. 23(e); 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.83 (3d ed. 2000).

In sum, we are convinced that the district court carefully considered all of the pertinent objections that were made to the settlement agreement.  Indeed, the district court modified the settlement in several respects, including narrowing the release to ensure that certain claims were not barred by the settlement.  It is therefore our view that the district court committed no reversible error in its thorough handling of this settlement and we AFFIRM essentially for the reasons given in its able opinion.

AFFIRMED

7