An appropriate order will issue.

Duane CORLEY, et al., Plaintiffs,

v.

ENTERGY CORPORATION,
et al., Defendants.

Douglas C. Dishman, et al., Plaintiffs,

v.

Entergy Corporation, et al., Defendants.

Nos. 1:98–CV–2006, 1:98–CV–2054.

United States District Court,
E.D. Texas,
Beaumont Division.

June 27, 2004.

Richard Lyle Coffman, Sheldon Jordan & Dunham, Raymond Lyn Stevens, Stevens, Baldo & Freeman LLP, Beaumont, TX, for Plaintiffs.

Lawrence Louis Germer, Lawrence James Simmons, Jr., David Lawrence Merkley, Germer, Bernsen & Gertz, Paul Anthony Scheurich, Beaumont, TX, for defendants.

*ORDER DENYING REPRESENTATIVE PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION*

SCHELL, District Judge.

Before the court are the following written submissions:

a) "Representative Plaintiffs' Renewed Motion for Class Certification" (Dkt.# 283), filed on April 19, 2004;

b) "Intervenors' Response to Representative Plaintiffs' Renewed Motion for Class Certification" (Dkt.# 285), filed on April 27, 2004;

c) "Defendants' Objections and Response to Plaintiffs' Renewed Motion for Class Certification" (Dkt.# 289), filed on May 4, 2004; and

d) "Representative Plaintiffs' (1) Response to Defendants' Objections and (2) Reply to Defendants' Response to Plaintiffs' Renewed Motion for Class Certification" (Dkt.# 290), filed on May 11, 2004.

After careful consideration, the court is of the opinion that Plaintiffs' renewed motion for class certification should be DENIED.

## I. BACKGROUND

Previously, Plaintiffs filed a motion to certify a class "consisting of all present owners of land in Louisiana, Mississippi, and Texas over which Defendants have strung (or buried) fiber optic cable, and over which communications other than electricity-related communications have occurred." *Corley v. Entergy Corp.*, 220 F.R.D. 478, 481 (E.D.Tex.2004) (citations omitted).[1] Plaintiffs have brought state law claims for trespass, conversion, breach of contract, civil conspiracy, and unjust enrichment, as well as claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–68 (2000). *Id.* Plaintiffs moved for class certification under Federal Rule of Civil Procedure 23(b)(1), (b)(2) and (b)(3). Representative Pls.' Am. and Consol. Mot. for Class Certification and Supporting Mem. of Law at 26–37 (Dkt.# 206).

The court held a class certification hearing on March 22, 2004. Shortly after the hearing began, Plaintiffs informed the court that they were withdrawing their request for class certification under Rule 23(b)(1) and (b)(2).

---

1. For a full recitation of the facts of this case, see *id.* at 480–82.

*Corley,* 220 F.R.D. at 484 n. 4.[2] Acting on that withdrawal, the court examined and counsel for all parties debated whether class certification would be proper under Rule 23(b)(3). Additionally, the court considered whether class certification would be proper on liability under Rule 23(b)(2) and on damages under Rule 23(b)(3). The court eventually entered an order denying Plaintiffs' motion for class certification on both grounds. *Id.* at 491.

Despite having withdrawn their request for class certification under Rule 23(b)(1) and (b)(2) at the class certification hearing, Plaintiffs recently renewed their request that the court grant class certification under Rule 23(b)(1)(A) and 23(b)(2). Representative Pls.' Renewed Mot. for Class Certification at 2 (Dkt.# 283). Defendants argue that Plaintiffs have waived their right to seek class certification under Rule 23(b)(1)(A) and (b)(2). Defs.' Objections and Resp. to Pls.' Renewed Mot. for Class Certification at 2 (Dkt.# 289). Though Plaintiffs declined to discuss class certification under Rule 23(b)(1)(A) and (b)(2) at the class certification hearing, the parties previously briefed both issues. Moreover, because Defendants have responded to Plaintiffs' renewed motion for class certification, Defendants have not been prejudiced by Plaintiffs' filing of that motion.

The lack of prejudice to Defendants notwithstanding, the unique procedural history of this case merits comment by the court. Class certification hearings are held so that parties may elaborate on their briefing and discuss relevant issues with the court, not so that parties may engage in and execute tactical maneuvers. A class certification hearing should serve as the penultimate step in a class action case, not as the opening salvo in an interminable exchange of strategic gambits. Although Plaintiffs did not explicitly waive their request for class certification un-der Rule 23(b)(1)(A) and (b)(2), one could logically argue that Plaintiffs now seek a second bite at the class certification apple. Nevertheless, for the sake of fairness and thoroughness, the court will evaluate Plaintiffs' renewed motion for class certification.

## II. DISCUSSION

The party seeking certification must clear two procedural hurdles to obtain class certification. First, the party seeking certification must meet all four requirements of Rule 23(a). *McManus v. Fleetwood Enters., Inc.,* 320 F.3d 545, 548 (5th Cir.2003). Here, the court previously concluded that Plaintiffs satisfy Rule 23(a)'s requirements. *Corley,* 220 F.R.D. at 482–84. Thus, Plaintiffs have cleared the first procedural hurdle.[3]

Second, the party seeking certification "must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *McManus,* 320 F.3d at 548 (citing FED.R.CIV.P. 23(b)). The court recently denied Plaintiffs' motion to certify under Rule 23(b)(3) and denied Plaintiffs' motion for "composite certification." *Corley,* 220 F.R.D. at 490–91. Plaintiffs now seek class certification under Rule 23(b)(1)(A) and (b)(2). Representative Pls.' Renewed Mot. for Class Certification at 2. The court considers each contention in turn.

### A. Rule 23(b)(1)(A)

District courts may certify a class under Rule 23(b)(1)(A) if

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. . . .

---

**2.** *See also* Tr. of Class Certification Hearing at 28:23–25 (Mar. 22, 2004) ("[W]e are going to withdraw today our request that the court certify this case purely under (b)(1) and purely under (b)(2) ...."); *id.* at 29:9–13 ("[W]e're going to withdraw our request for a pure (b)(1) or a pure (b)(2), simply because I think it will simplify things today, it will make this proceeding go a bit more efficiently, and we won't get bogged down on (b)(1) and pure (b)(2).").

**3.** Defendants urge the court to reconsider its previous conclusion that Plaintiffs have met Rule 23(a)'s four requirements. Defs.' Objections and Resp. to Pls.' Renewed Mot. for Class Certification at 22. The court declines to disturb its earlier ruling that Plaintiffs have satisfied Rule 23(a)'s requirements.

FED.R.CIV.P. 23(b)(1)(A). Rule 23(b)(1)(A) "takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (quoting Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments to the Federal Rules of Civil Procedure (I)*, 81 HARV. L.REV. 356, 388 (1967) (footnotes omitted)). Class certification under Rule 23(b)(1)(A) is proper when judgments entered in separate lawsuits would force a party to comply with one court order yet violate another court order. *Hallaba v. Worldcom Network Servs., Inc.*, 196 F.R.D. 630, 644 (N.D.Okla.2000); *McBirney v. Autrey*, 106 F.R.D. 240, 245 (N.D.Tex.1985).

■ "Rule 23(b)(1)(A) is concerned with the prejudicial effect which inconsistent judgments may have on the party opposing the class." *McBirney*, 106 F.R.D. at 245 (citations omitted). This rule exists to protect the party opposing class certification: often, the defendant. *Ford v. NYLCare Health Plans of the Gulf Coast, Inc.*, 190 F.R.D. 422, 427 (S.D.Tex.1999), *aff'd*, 301 F.3d 329, 331 (5th Cir.2002).[4] A defendant may, however, waive his or her right to the safeguards that Rule 23(b)(1)(A) establishes by contesting class certification. *See, e.g., id.* In that situation, class certification under Rule 23(b)(1)(A) is improper. *Id.*[5]

■ Here, Defendants oppose class certification under Rule 23(b)(1)(A). Consequently, the court should not certify a class over Defendants' objection. *See, e.g., Pettco Enters., Inc.*, 162 F.R.D. at 155. Class certification is thus inappropriate. *See id.* Defendants' opposition to class certification under this subsection is rational, for the potential harm addressed by Rule 23(b)(1)(A) is absent from this case. Even assuming, *arguendo*, that Defendants do not oppose class certification under this subsection, class certification under this subsection is still improper.

Plaintiffs aver that individual adjudications of their claims could create incompatible standards of conduct for Defendants. Representative Pls.' Am. and Consol. Mot. for Class Certification and Supporting Mem. of Law at 28. Even if hundreds or thousands of lawsuits are filed, however, the risk that Defendants will confront incompatible standards of conduct is slight. As the court has previously noted, the claims of each class member are individualized and varying. *Corley*, 220 F.R.D. at 485–86. Logically, "the facts and law will differ from plaintiff landowner to plaintiff landowner...." *Hallaba*, 196 F.R.D. at 644 (citations omitted). Thus, "the adjudication for each such plaintiff landowner will likely be unique and will pose no threat of inconsistent adjudications of the sort contemplated by Rule 23(b)(1)(A)." *Id.* (citations omitted). In the absence of class

---

4. Plaintiffs contend that the party opposing the class is not the exclusive beneficiary of Rule 23(b)(1)(A). Representative Pls.' (1) Resp. to Defs.' Objections and (2) Reply to Defs.' Resp. to Pls.' Renewed Mot. for Class Certification at 3 (Dkt.# 290) (citing 2 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 4.7, at 25 (4th ed.2002)). This interpretation of Rule 23(b)(1)(A), however, finds scant support in the text of Rule 23(b)(1)(A). *See* FED. R. CIV. P. 23(b)(1)(A) (stating that class certification is proper if adjudication of individual lawsuits would establish "incompatible standards of conduct for *the party opposing the class*" (emphasis added)).

Moreover, the Advisory Committee Notes to Rule 23 state that "[t]he class action device can be used effectively to obviate the actual or virtual dilemma which would thus confront *the party opposing the class*." FED. R. CIV. P. 23(b)(1)(A),

Advisory Committee's Note (emphasis added). The Advisory Committee Notes to Rule 23 also discuss six situations in which a defendant would be faced with incompatible standards of conduct in the absence of class certification under Rule 23(b)(1)(A). *Id.* The defendant, however, is the only party mentioned in the Advisory Committee Notes to Rule 23. *Id.* No mention is made of the plaintiffs. *Id.* Consequently, this argument is unpersuasive.

5. *See also In re St. Jude Med., Inc.*, MDL No. 01–1396 (JRT/FLN), 2003 WL 1589527, at *16, 2003 U.S. Dist. LEXIS 5188, at *58 (D.Minn. Mar. 27, 2003) (finding class certification improper under Rule 23(b)(1)(A)); *Pettco Enters., Inc. v. White*, 162 F.R.D. 151, 155 (M.D.Ala.1995) (same); *Fogie v. Rent–A–Center, Inc.*, 867 F.Supp. 1398, 1403 (D.Minn.1993) (same); *Alsup v. Montgomery Ward & Co.*, 57 F.R.D. 89, 92 (N.D.Cal.1972) (same).

certification, it is doubtful that Defendants would face incompatible standards of conduct. *See id.; cf., e.g., In re Dennis Greenman Sec. Litig.*, 829 F.2d 1539, 1545 n. 8 (11th Cir.1987).

Even if a class member obtained a judgment precluding Defendants from transmitting third-party voice and data communications over his or her land, Defendants would not face a legally untenable situation. Rather, Defendants could either re-route the communications around that plaintiff's land or stop sending data over that line segment on the Network. *See Hallaba*, 196 F.R.D. at 644. Either way, Defendants would not be forced to follow one court order yet violate another court order. *See id.*[6] In short, the facts of and nature of this case undermine Plaintiffs' claim that class certification under Rule 23(b)(1)(A) is warranted. *See id.* Moreover, for reasons to be explained, the precise relief sought by Plaintiffs militates against class certification under Rule 23(b)(1)(A).

■ If class members seek only monetary damages, there is no risk of incompatible standards of conduct in having those claims adjudicated individually. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 421 n. 16 (5th Cir.1998). If one plaintiff prevailed but another plaintiff lost, the defendant could act in a consistent manner. *See id.* Indeed, "paying one claimant is not inconsistent with not paying another claimant." *McBirney*, 106 F.R.D. at 245 (citations omitted). If, however, multiple plaintiffs prevailed and obtained judgments against the defendant, the defendant could act consistently by paying all of these judgments. *See id.; see also Allison*, 151 F.3d at 421 n. 16. In this situation, class certification under Rule 23(b)(1)(A) is improper. *See Allison*, 151 F.3d at 421 n. 16; *see also Hallaba*, 196 F.R.D. at 644.

■ If, on the other hand, class members seek only injunctive relief, the risk that the defendant will face incompatible standards of conduct is significant. *See Smith v. Crystian*, 91 Fed.Appx. 952, 955 (5th Cir.2004) (per curiam) (unpublished). If class members file multiple lawsuits, one court could enjoin the defendant from continuing a certain course of conduct while another court could allow the defendant to continue that course of conduct. *See id.* In this situation, courts should forestall the risk of incompatible standards of conduct by granting class certification under Rule 23(b)(1)(A). *Id.; cf. Allison*, 151 F.3d at 421 n. 16 (noting in *dictum* that "[s]eparate adjudication of the plaintiffs' claims for injunctive or equitable relief ... may present [ ] a risk [of incompatible standards of conduct]").

It is unclear under Fifth Circuit precedent whether class certification under Rule 23(b)(1)(A) is warranted when the plaintiffs seek both monetary and injunctive relief. *See id.* One district court in this circuit has concluded that class certification under Rule 23(b)(1)(A) is proper in this situation. *Mays v. Nat'l Bank of Commerce*, Civil No. 1:96-CV8-D-D, 1998 U.S. Dist. LEXIS 20698, at *34-*35 (N.D.Miss. Nov. 20, 1998). Many courts, however, have concluded that class certification is inappropriate in this situation if the plaintiffs seek primarily monetary relief.[7]

The court deems this latter line of cases to be persuasive. It is possible that the plaintiffs' desire to obtain monetary relief can render injunctive relief incidental. *See, e.g., Abramovitz*, 96 F.R.D. at 215. If injunctive relief is incidental to monetary relief, the plaintiffs' main goal is to recover money damages for class members, not to regulate the defendant's conduct. *See, e.g., Feinstein v. Firestone Tire & Rubber Co.*, 535 F.Supp. 595, 601 n. 5 (S.D.N.Y.1982). Because inci-

---

**6.** Defendants note, correctly, that "[t]he only way there could possibly be inconsistent judgments within the scope of Rule 23(b)(1)(A) would be if Defendants were *required to continue* sending communications by one judgment, and *prevented* from sending communications *over that same parcel of land* by another." Defs.' Objections and Resp. to Pls.' Renewed Mot. for Class Certification at 11–12. This scenario is impossible in this case.

**7.** *See, e.g., Morris v. Transouth Fin. Corp.*, 175 F.R.D. 694, 699 (M.D.Ala.1997); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 352 (D.N.J.1997); *Abramovitz v. Ahern*, 96 F.R.D. 208, 215 (D.Conn.1982); *Pruitt v. Allied Chem. Corp.*, 85 F.R.D. 100, 107 (E.D.Va.1980).

dental injunctive relief "creates the risk of inconsistent *but not incompatible* standards of conduct, certification under Rule 23(b)(1)(A) is improper." *Abramovitz,* 96 F.R.D. at 215 (emphasis added). The court now determines whether Plaintiffs seek primarily monetary relief or injunctive relief.

Plaintiffs ask the court for an injunction only until Defendants pay damages to all class members. Representative Pls.' Mot. to Reconsider at 4 (Dkt.# 234). Plaintiffs have previously argued that they are entitled to injunctive relief "unless and until the Defendants also compensate the landowners for future use." *Id.* Assuming, *arguendo,* that Plaintiffs prevail, injunctive relief would cease the moment that each plaintiff is compensated for the harm he or she has endured. *See id.* Continued declaratory or injunctive relief would not be necessary after Plaintiffs have received compensation. *Id.*

Class certification under Rule 23(b)(1)(A) is inappropriate if plaintiffs seek predominately monetary, not injunctive, relief. *See, e.g., Durrett v. John Deere Co.,* 150 F.R.D. 555, 559 (N.D.Tex.1993). This case involves that precise situation. "Although the plaintiffs attempt to place an injunctive and declaratory relief gloss on this case," *Morris,* 175 F.R.D. at 699, it is evident that the injunctive relief Plaintiffs seek is temporary and secondary to monetary relief. Class certification under Rule 23(b)(1)(A) is consequently improper. *See, e.g., id.*

■ Rule 23(b)(1)(A) should apply only to lawsuits involving certain, unique situations. *See Amchem Prods., Inc.,* 521 U.S. at 614,

117 S.Ct. 2231; *see also* Linda S. Mullenix, *No Exit: Mandatory Class Actions in the New Millennium and the Blurring of Categorical Imperatives,* 2003 U. CHI. LEGAL F. 177, 234 ("Rule 23(b)(1)(A) was intended to be applied to a very narrow, limited set of circumstances . . . ."). Specifically, Rule 23(b)(1)(A) "can be used effectively to obviate the actual or virtual dilemma which would thus confront the party opposing the class." FED. R. CIV. P. 23(b)(1)(A), Advisory Committee's Note. Here, however, individual adjudications of Plaintiffs' claims would not force Defendants to confront either an actual or a virtual dilemma. Moreover, this case lies outside the boundaries of Rule 23(b)(1)(A)'s application. Plaintiffs' motion for class certification under Rule 23(b)(1)(A) is consequently DENIED.[8]

## B. RULE 23(b)(2)

■ District courts may certify a class under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). The primary limitation on this type of class action is that injunctive or declaratory relief must be the predominant form of relief. *Allison,* 151 F.3d at 411. Thus, in *Allison,* this circuit held that "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." *Id.* at 415 (citation omitted).

---

**8.** Plaintiffs intimate that a defendant's opposition to class certification under Rule 23(b)(1)(A) "would probably permit class certification under subsection (b)(1)(B)." Representative Pls.' (1) Resp. to Defs.' Objections and (2) Reply to Defs.' Resp. to Pls.' Renewed Mot. for Class Certification at 4 n. 7 (quoting 2 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 4.7, at 26 (4th ed.2002)). The denial of class certification under Rule 23(b)(1)(A) due to opposition by the party opposing the class, however, does not automatically mean that the court should grant class certification under Rule 23(b)(1)(B).

Rule 23(b)(1)(A) protects those who oppose the class; Rule 23(b)(1)(B) protects those who compose the class. *Compare* FED. R. CIV. P. 23(b)(1)(A), *with* FED. R. CIV. P. 23(b)(1)(B). Regardless of whether a defendant waives his or her right to class certification under Rule 23(b)(1)(A), absent class members must meet the requirements of Rule 23(b)(1)(B) to obtain class certification under that subsection. Specifically, absent class members must prove that individual adjudications "would as a practical matter be dispositive of the[ir] interests" or that individual adjudications would "substantially impair or impede their ability to protect their interests." FED. R. CIV. P. 23(b)(1)(B).

Although Rule 23(b)(1)(A) and 23(b)(1)(B) are similar, each subsection has different, independent requirements. Additionally, class certification may be improper under Rule 23(b)(1)(A) and under Rule 23(b)(1)(B) for the same reason or for similar reasons. *See, e.g., Durrett,* 150 F.R.D. at 560.

█ Monetary relief is incidental to injunctive relief if damages "flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief." *Id.* (citing FED. R. CIV. P. 23(b)(2)). Monetary damages "should at least be capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances." *Id.* If, however, one cannot calculate monetary damages on a uniform basis, monetary relief predominates over injunctive relief. *Id.* Additionally, if separate hearings are required to determine each class member's monetary damages, monetary relief predominates over injunctive relief. *See id.; see also Washington v. CSC Credit Servs., Inc.,* 199 F.3d 263, 269 (5th Cir.2000).

█ Here, the court has previously found that there is not a uniform formula to calculate damages. *Corley,* 220 F.R.D. at 487. The court must instead calculate damages for Plaintiffs' claims on an individual basis. *See id.* Because the calculation of Plaintiffs' damages "entail[s] complex individualized determinations," *Allison,* 151 F.3d at 415, monetary relief predominates over injunctive relief. *Id.; see also Washington,* 199 F.3d at 269.

█ Plaintiffs seek punitive damages on their state law claims. Representative Pls.' Original Consol. Class Action Compl., ¶¶ 14.2–14.7 (Dkt.# 205). Punitive damages, however, "are uniquely dependent on the subjective and intangible differences of each class member's individual circumstances." *Allison,* 151 F.3d at 418. The court cannot simply award punitive damages "upon the mere finding of general liability to the class." *Id.* Rather, the court must examine the individual circumstances of each class member to determine the proper measure of punitive damages. *See id.*

Considering the number of potential class members in this case and the nature of their claims, calculating punitive damages is not a task that the court can accomplish on a classwide basis. *Cf. Corley,* 220 F.R.D. at 485–87. Because the punitive damages sought by Plaintiffs on their state law claims depend on "the intangible, subjective differences of each class member's circumstances," *Allison,* 151 F.3d at 415, Plaintiffs' monetary damages neither flow from nor are incidental to injunctive relief. *See id.* Consequently, monetary relief predominates over injunctive relief. *See id.; see also Washington,* 199 F.3d at 269. Plaintiffs' motion for class certification under Rule 23(b)(2) is DENIED.[9]

Plaintiffs may appeal this order. *See* FED. R. CIV. P. 23(f). To do so, Plaintiffs must apply to the Fifth Circuit for appeal of this order within ten (10) days of entry of this order. *Id.*

It is so ORDERED.

---

9. Defendants contend that class certification under Rule 23(b)(2) is improper because monetary relief is the predominant form of relief that Plaintiffs desire. Defs.' Objections and Resp. to Pls.' Renewed Mot. for Class Certification at 19; Defs.' Resp. in Opp'n to Pls.' Mot. for Class Certification at 40 (Dkt.# 244). This argument, however, may not be on point. In *In re Monumental Life Insurance Co.,* 365 F.3d 408, 414–16 (5th Cir.2004), the Fifth Circuit examined its earlier holding in *Allison.* Specifically, the court noted that *"Allison* did not hold ... that monetary relief predominates where it is the 'prime goal' or a mere bootstrap to injunctive relief." *Id.* at 415. Indeed, "determining whether one form of relief actually predominates in some quantifiable sense is a wasteful and impossible task that should be avoided." *Allison,* 151 F.3d at 412 (citation omitted).

In the context of Rule 23(b)(2), "certification does not hinge on the subjective intentions of the class representatives and their counsel in bringing suit." *In re Monumental Life Ins. Co.,* 365 F.3d at 415 (footnote omitted). Here, class certification under Rule 23(b)(2) is improper because of the lack of a uniform damages formula and because Plaintiffs seek punitive damages on their state law claims. The court does not consider the intentions of Plaintiffs and their counsel at all.