Diana DOIRON, individually and on behalf of all others similarly situated,

v.

**CONSECO HEALTH INSURANCE COMPANY.**

**Civil Action No. 04–784–JJB–CN.**

United States District Court, M.D. Louisiana.

Feb. 15, 2007.

Stanley P. Baudin, Patrick Wayne Pendley, Pendley, Baudin & Coffin, LLP, Plaquemine, LA, Joseph Jerry McKernan, McKernan Law Firm, Scott E. Brady, Baton Rouge, LA, for Diana Doiron.

Raymond J. Pajares, Alfred R. Gould, Jr., Pajares & Schexnaydre, LLC, Covington, LA, for Conseco Health Insurance Company.

## RULING ON MOTION FOR CLASS CERTIFICATION

BRADY, District Judge.

This matter is before the court on a Motion for Class Certification filed by the plaintiff (doc. 85). The defendant, Conseco Health Insurance Company ("Conseco"), has filed a Memorandum in Opposition to the plaintiff's Motion for Class Certification (doc. 90). The parties have also filed supplemental documents in support of their respective positions.

## BACKGROUND FACTS

The proposed lead plaintiff, Diana Doiron, filed suit against the defendant alleging that the defendant has breached its contractual obligations. Specifically, the plaintiff alleges that on or about March 1, 1988, she purchased a policy of cancer insurance for herself, and her husband, Steve Doiron.[1] The plaintiff further alleges that the policy obligated the defendant to pay specified benefits for charges incurred if she or her husband was diagnosed with cancer. The plaintiff maintains that unlike medical insurance, the cancer policy required that the benefits be paid directly to the policyholder if the policyholder met the required terms and conditions of the policy.

On or about March 27, 2001, Steve Doiron was diagnosed with cancer. Mr. Doiron underwent medical treatment for his condition including radiation treatment and chemotherapy treatment. Mr. Doiron passed away due to his illness on December 23, 2001. The plaintiff alleges that she submitted proof of loss, medical records, medical bills, and other documentation to Conseco to obtain the medical benefits due under the policy. Conseco paid some of the benefits but denied other benefits.

The plaintiff asserts that the defendant's failure to pay all of the benefits is a breach of its contractual obligations. The plaintiff desires to have the litigation certified as a class action to include other plaintiffs who are similarly situated. The plaintiff contends that "she, and the members of the Sub-Classes she seeks to represent, were and will continue to be denied claims for benefits for certain charges they commonly and typically incurr(ed), and which claims Conseco consistently deny(ied), for their radiation treatment and/or chemotherapy treatment." [2]

The plaintiff proposes two sub-classes. One sub-class would consist of policyholders who incurred specified charges as part of their radiation treatment and whose claims were or will be denied by Conseco (Radiation Treatment SubClass). The other sub-class would be composed of policyholders who incurred specified charges as part of their chemotherapy treatment and whose claims were or will be denied by Conseco (Chemotherapy Treatment Sub-Class).

## ANALYSIS

### I. Defining the Class

The plaintiff proposes the following sub-classes:

---

1. The "ZH" cancer policy was purchased from Capitol American Life Insurance Company. However, in 1997 Conseco purchased Capitol American. This acquisition included the Cancer Policy "ZH" form at issue in this case. *See* doc. 90–2, Exhibit D–1.

2. Doc. 86 (Plaintiff's Memorandum in Support of Motion for Class Certification, p. 3).

*Radiation Treatment Sub–Class:* All persons, since June 15, 2001, who are/were insured by a "ZH" supplemental cancer insurance policy form purchased in Louisiana from Capitol American Life Insurance Company or Conseco Health Insurance Company, and who, while a resident of Louisiana, submitted a claim for the payment of benefits under the Radiation / Chemotherapy Benefit provision of the "ZH" policy for one or more of the following charges: office visit/consultation charges; treatment planning charges; treatment management charges; simulation charges; dosimetry charges; treatment device charges; medical radiation physics charges; isodose plan charges; radiation special services charges; and/or supportive and protective drug charges, incurred as part of the policyholder's radiation treatment, and which claims were or will be denied by Conseco through the date of final judgment in this case.

*Chemotherapy Treatment Sub–Class:* All persons who, since June 15, 2001, are/were insured by a "ZH" supplemental cancer insurance policy form purchased in Louisiana from Capitol American Life Insurance Company or Conseco Health Insurance Company, and who, while a resident of Louisiana, submitted a claim for the payment of benefits under the Radiation/Chemotherapy Benefit provision of the "ZH" policy for one or more of the following charges: office visit/consultation charges; medical supply charges; solution charges; procedure charges; and/or supportive and protective drug charges, incurred as part of a policyholder's chemotherapy treatment, and which claims were or will be *wrongfully* denied by Conseco through the date of a final judgment in this case.

(Emphasis added).

The defendant objects to the language in the Chemotherapy Treatment Sub class which states that the class incurred claims which "were or will be wrongfully denied by Conseco through the date of a final judgment in this case."

The plaintiff concedes that the inclusion of the word "wrongfully" is improper and states that it removed the term from the Radiation Treatment Sub-class definition, but the word was inadvertently left in the Chemotherapy Treatment sub class definition.

Accordingly, the court will omit the word "wrongfully" from the Chemotherapy Treatment sub-class definition and will consider the proposed sub-classes with the amended definition.

## II. Class Certification: Overview of Rule 23

This court has substantial discretion in determining whether to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.[3] Nevertheless, despite the discretionary nature of a class certification ruling, this court must conduct a rigorous analysis to ensure that the requirements of Rule 23 have been met.[4] As movers for class certification, the plaintiffs bear the burden of proving that the elements of Rule 23 have been met.[5]

Rule 23(a) sets forth four threshold requirements that must be satisfied by the putative class before a case is certified as a class action. The plaintiff must establish that: 1) the class is so numerous that joinder of all members is impractical ("numerosity"); 2) questions of law or fact are common to the class ("commonality"); 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and 4) the plaintiff and its counsel will fairly and adequately protect the interest of the class ("adequacy of representation").

---

**3.** *See James v. City of Dallas,* 254 F.3d 551, 562 (5th Cir.2001) (stating that a "district court maintains great discretion in certifying and managing a class action").

**4.** *Steering Comm. v. Exxon Mobil Corp.,* 461 F.3d 598, 601 (5th Cir.2006) (citing *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir.1996)).

**5.** *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir.1981) (stating that the "burden of proof is on the plaintiff who seeks to thus certify his suit").

If these four prerequisites are met, the plaintiff must further satisfy one of the three categories listed in Rule 23(b). Under 23(b), the plaintiff must show that: 1) separate actions would result in inconsistent adjudications or the non-parties interests will be substantially impaired; 2) final injunctive or declaratory relief is appropriate to the class as a whole; or 3) common questions of law or fact predominate over any questions affecting only individual members and a class action is the superior method of fairly and efficiently adjudicating the controversy.

## III. Rule 23(a)

### A) Numerosity

■ Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Although numbers alone are not dispositive of the numerosity inquiry,[6] the Fifth Circuit has provided some guidance as to how many putative class members are necessary to fulfill the numerosity standard of Rule 23(a)(1). The Fifth Circuit has held that a class composed of 100 to 150 members will generally satisfy the numerosity requirement.[7]

In this case, the plaintiff alleges that the numerosity requirement has been met, alleging that hundreds of claims for radiation and chemotherapy benefits were paid in whole or part. The defendant concedes that at least 198 policyholders in Louisiana were denied claims for benefits.[8] This court concludes that the proposed class satisfies the numerosity requirement.

### B) Commonality

■ Rule 23(a)(2) requires that a plaintiff demonstrate that questions of law or fact are common to the class. The plaintiff alleges that the common course of conduct is Conseco's corporate adjusting policy which denies claims for benefits submitted under the Radiation/Chemotherapy provision of the "ZH" policy. The plaintiff asserts that the defendant's policy is to deny charges for: office visits and consultations; treatment planning; treatment management; simulation; dosimetry; treatment devices; medical radiation physics; isodose plan; radiation special services; and supportive and protective drug charges, incurred as a part of the policyholder's radiation treatment. Likewise, the plaintiff asserts that Conseco's corporate policy was to deny claims submitted for all: office visits; medical supplies; solution charges; procedure charges; and supportive and protective drug charges, incurred as a part of a policyholder's chemotherapy treatment.

The plaintiff asserts several common issues of fact, including that: 1) each proposed class member was diagnosed with cancer; 2) each proposed class member was prescribed and received radiation treatment (or chemotherapy treatment for the Chemotherapy Sub-class); 3) proposed class members incurred a named charge for their radiation (or chemotherapy) treatment and submitted charges to Conseco for payment under the Radiation/Chemotherapy Benefit provision of their "ZH" policy; 4) Conseco denied the claims that policyholders submitted under the Radiation/Chemotherapy Benefits portion of their policy.

The plaintiff also asserts several common questions of law, including: 1) whether the defendant's conduct constitutes a breach of the insurance policy; 2) whether the defendant's affirmative defenses are valid; 3) the meaning of "chemotherapy treatment," "radiation treatment", and "x-ray radiation treatment"; and 4) what benefits are available to the "ZH" policyholders under the Radiation/Chemotherapy Benefit provision.

The defendant argues that the facts that form the basis for each reimbursement claim are unique. Different people may require different cancer treatment regimens so specific patient analysis will be required to determine the validity of each reimbursement.

---

6. *Zeidman*, 651 F.2d at 1038 (explaining that the "proper focus ... is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors").

7. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir.1999).

8. Doc. 90-1 (Memorandum in Opposition to Plaintiffs Motion for Class Certification, p. 6).

Thus, according to the defendant, these factual issues must be decided on a case-by case basis.

Likewise, the defendant argues that the issues of law are not common. The defendant contends that review of the policy language is not enough and determinations must be made as to whether the claim was timely submitted, whether there was complete proof of loss, and whether the policyholder was eligible for the benefits.

In response, the plaintiff asserts that the defendant's policy in denying certain benefits under its Radiation/Chemotherapy provision was uniform and applied to all policyholders, regardless of individual differences such as the type of cancer or type of drugs used. Additionally, the plaintiff maintains that common issues of law exist because the proposed class is not seeking to recover for all charges under every provision of the policy. Rather, the proposed class is only challenging benefits that were denied under the Radiation/Chemotherapy provision. Other coverage issues, such as claims denied because the policyholder was ineligible or denials because the claim was untimely are not at issue.

This court agrees with the arguments set forth by the plaintiff. The defendant makes much of the fact that "no two people are the same" and notes that the differences in the type of cancer and treatment may abound. First, as the plaintiff explained, the allegation is that Conseco's *policy* was uniform in that it never paid for benefits for items such as office visits for radiation or chemotherapy treatment irrespective of the individual differences in the plaintiffs. Second, the fact that proposed members of the class have some differences is not outcome determinative.

The Fifth Circuit has stated that "the test for commonality is not demanding" and has clarified that "the fact that some of the Plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality." *James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir.2001).

In this case, each member of the proposed class shares a common factual circumstance:

they were allegedly denied benefit(s) for costs incurred as part of radiation and/or chemotherapy treatment. Further, the class members rely upon a common legal theory: the ZH policy required payment for certain costs associated with their radiation and chemotherapy treatment under the Radiation/Chemotherapy provision, yet these charges were and continue to be systematically denied by Conseco. Accordingly, this court finds that the commonality requirement has been satisfied.

### C) Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical to the claims or defenses of the class. This element "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *James*, 254 F.3d at 571.

In this case, the plaintiff asserts that the proposed class representative's claim is typical to that of the other sub-class members because they all allege Conseco's breach of contract by consistent denial of certain benefits made under the Radiation/Chemotherapy Benefit provision. Specifically, the plaintiff alleges that "her late husband [Steve Doiron] incurred charges, as part of his radiation and chemotherapy treatment, that fall within all of the above-described charges under each proposed sub-class, and that all claims for benefits for these charges were denied payment by Conseco." [9]

In opposition, the defendant incorporated the arguments discussed above under the commonality prong. Defendant asserts that because class certification would require case-by-case analysis, class certification should be denied. Those arguments were rejected under the commonality prong and must be rejected again under the typicality prong.

Under the Fifth Circuit's interpretation of the typicality requirement, "typicality does not require a complete identity of claims." *James*, 254 F.3d at 571. The Fifth Circuit has explained that "the critical inquiry is

---

9. See doc. 86 (Plaintiff's Memorandum in Support of Motion for Class Certification, p. 17).

whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id.*

In this case, the named plaintiff represents proposed class members in each sub-class and the claims brought are typical of the class. Furthermore, as the Fifth Circuit requires, the claims arise from a similar course of conduct and share the same legal theory. As the injuries asserted by the class representative is the same type as those alleged by other class members, this court finds that the typicality requirement has been met.

### D) Adequacy of Representation

■ To meet the requirements of Rule 23(a)(4), the class representative must fairly and adequately represent the class. In this case, plaintiff's counsel argue that they are qualified to serve as class counsel as they have participated in the litigation and have provided diligent and competent representation in the matter. Plaintiff further alleges that the proposed class representative's interests are not antagonistic to the interests of the sub-class members.

In *Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 625–26 (5th Cir.1999), the Fifth Circuit found that "differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiff's interests and the class members' interests." Differences in the way named plaintiffs and class members will prove causation and damages does not defeat adequacy. *Id.* at 626. Rather, the appropriate inquiry is whether the named plaintiffs have "an insufficient stake in the outcome or interests antagonistic to the unnamed members." *Id.* (quoting *Jen-*

*kins v. Raymark Indus. Inc.,* 782 F.2d 468, 472 (5th Cir.1986)).

The plaintiff has alleged that no facts exist that would give rise to a conflict between the named plaintiff and the proposed class members. This court agrees. The interests of the named plaintiff does not appear to be antagonistic to the proposed class members and all plaintiffs appear to seek the maximum relief for the class as a whole.[10] Accordingly, this court finds that the adequacy of representation requirement has been met.

### IV. Rule 23(b)

Having found that the proposed class can meet the requirements of Rule 23(a), this court must now examine whether the class can meet the requirements of Rule 23(b). To prevail on the Motion for Class Certification, the plaintiff must demonstrate that a class action is maintainable under 23(b)(1), 23(b)(2), or 23(b)(3).

### A) Rule 23(b)(2)

■ A class can be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

The plaintiff asserts that because it specifically requested declaratory and injunctive relief in the class action petition/complaint, this court can certify the class under 23(b)(2).[11] The defendant opposes certification under (b)(2) arguing that certification under 23(b)(2) is appropriate only when the predominant relief sought is injunctive or declaratory. The defendant maintains that in this case the predominate relief sought by the class is monetary, not injunctive or declaratory, so (b)(2) class certification is improper.

---

10. *See In re Corrugated Container Antitrust Litigation,* 643 F.2d 195, 208 (5th Cir.1981) (concluding that "so long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes").

11. The Class Action Petition/Complaint reads: "The plaintiff and the class aver that they are entitled to declaratory relief determining the scope of coverage under the policies of insurance, and injunctive relief requiring Conseco to cease committing the wrongful acts complained of herein." Doc. 1 (Notice of Removal, Exhibit C (Class Action Petition for Damages, par. 23)).

The defendant has properly identified the rule within this circuit regarding (b)(2) class certification. In *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir.1998), the Fifth Circuit stated that it had adopted the position that "monetary relief may be obtained in a(b)(2) class action so long as the predominant relief sought is injunctive or declaratory." The *Allison* court then went on to tackle the more difficult question: what does it mean for a particular form of relief to be "predominant"?

The court examined the different categories of class actions and how each affected the underlying interests of class members. The court noted that class actions certified under 23(b)(1) or 23(b)(2) did not have the additional procedural safeguards of an absolute right to notice or to opt-out. *Id.* at 412. The court explained that "providing these rights exclusively to (b)(3) classes demonstrates concern for the effect of monetary claims on class cohesiveness." *Id.* at 413.

In a(b)(2) class, the assumption is that the class members are a "homogenous and cohesive group with very few conflicting interests among its members." *Id.* However, this "underlying premise of the (b)(2) class—that its members suffer from a common injury" is eroded "when the class seeks to recover ... forms of monetary relief to be allocated based on individual injuries." *Id.*

In the present matter, this court agrees with the arguments of the defendant and finds that this class is not suitable for (b)(2) class certification. Although the class has requested injunctive and declaratory relief, this relief is only incidental to the monetary relief. Therefore, the monetary relief predominates. As explained by the *Allison* court, "monetary relief 'predominates' under Rule 23(b)(2) when its presence in the litigation suggests that the procedural safeguards of notice and opt-out are necessary, that is, when the monetary relief sought is less of a group remedy and instead depends more on the varying circumstances and merits of each

potential class member's case." 151 F.3d at 414.

In this proposed class, each class member alleges that the defendant wrongfully denied claims for radiation and chemotherapy related charges. No allegation exists that the group members are entitled to a uniform monetary remedy. Instead, should the class be entitled to relief, inquiry into the circumstances of each class member's case would be required. As monetary relief predominates, this court finds certification under 23(b)(2) to be inappropriate.

**B) Rule 23(b)(1)**

**1) Rule 23(b)(1)(A)**

█ A matter can be certified as a class action if "the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Fed.R.Civ.P. 23(b)(1)(A).

The plaintiff offers scant support to buttress its position that the class can be certified under (b)(1)(A). The plaintiff argues that "if one court finds that the disputed charges at issue are covered and payable under the Radiation/Chemotherapy Benefit provision, and another court reaches an opposite conclusion, then incompatible standards of conduct for Conseco would exist."

The defendant opposes certification under (b)(1)(A)[12] and asserts that courts have held that this provision is designed to address actions seeking declaratory or injunctive relief and does not apply to actions that seek compensatory damages.

Federal courts are in disagreement as to whether certification under (b)(1)(A) encompasses cases where the relief sought is primarily monetary. *See generally In re Enron Corp.*, 2006 WL 1662596, *19 n. 26 (S.D.Tex.

---

**12.** Some courts have found that certifying a class under 23(b)(1)(A) over the objection of the defendant is improper. As the court in *Corley v. Entergy Corp.*, 222 F.R.D. 316, 320 (E.D.Tex. 2004) explained, "Rule 23(b)(1)(A) is concerned with the prejudicial effect which inconsistent

judgments may have on the party opposing the class." However, a defendant may "waive his or her right to the safeguards that Rule 23(b)(1)(A) establishes by contesting class certification ... In that situation, class certification under Rule 23(b)(1)(A) is improper." *Id.*

June 7, 2006) (concluding that certification was proper under (b)(1)(A) when compensatory damages were sought, but recognizing and citing cases holding that (b)(1)(A) only applies to cases seeking injunctive and declaratory relief).

On its part, the Fifth Circuit does not seem completely antagonist to class certification under (b)(1)(A) if the relief is primarily monetary. *See Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007). In deciding whether to certify a class under (b)(1)(A), the Fifth Circuit advised a district court to "consider the extent to which the due process concerns inherent in *Allison* [151 F.3d 402 (5th Cir.1998) ] [13] apply to a(b)(1)(A) class and whether a(b)(1)(A) class can be maintained if damages are the primary remedy sought." The court acknowledged that "the resolution of these issues is still uncertain in the Fifth Circuit." *Id.*

This court has considered *Allison* and as discussed above, a class certified under (b)(1) or (b)(2) does not have an absolute right to notice or to opt-out. In light of the fact that any relief obtained would vary based on individual injuries and is not a class wide recovery, this court finds it inappropriate to certify a class under (b)(1)(A).

## 2) Rule 23(b)(1)(B)

 A class may be certified under (b)(1)(B) if separate actions by individual class members would create a risk of "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed.R.Civ.P. 23(b)(1)(B).

The plaintiff argues that a determination as to whether Conseco breached the policy would affect all putative sub-members' rights, therefore, the matter should be subjected to a single adjudication in a class action. The defendant argues that class certification under (b)(1)(B) is improper because such actions are usually certified in situations where a limited fund exists and where there may not be adequate funds to cover the claims of all plaintiffs.

This court agrees with the arguments asserted by the defendants. The proposed class does not appear to raise the type of issues that are traditionally at issue in a Rule 23(b)(1)(B) class. As such, certification under Rule 23(b)(1)(B) is inappropriate in this case.

## C) Rule 23(b)(3)

To certify a class under Rule 23(b)(3), this court must find that questions of law or fact common to the members of the class predominate over any questions affecting individual members and that a class action is superior to other methods of adjudication.

### 1) Predominance

 Predominance is similar to the commonality test of Rule 23(a); however, its criteria are more demanding.[14] The plaintiff asserts that common questions of law or fact will predominate over individual issues in this case because the complaint alleges "that the 'ZH' cancer policy, and all terms and provisions contained therein, and in particular, the Radiation/Chemotherapy Benefit provision, are identical for all Sub–Class Members, and that Conseco will be liable for a breach of contract with regard to each member of the respective Sub–Classes." The plaintiff further asserts that "Conseco's consistent adjusting practices—in denying submitted claims for benefits for one or more of the disputed charges outlined in the Sub–Class definitions ... forms the common nucleus of fact and law upon which Plaintiff's claims, and the Putative Sub–Class Members' claims, are based." [15]

In opposition to the Motion for Class Certification, the defendant argues that ques-

---

13. This case is discussed more fully in section IV(A) of this opinion.

14. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623–24, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

15. See Doc. 86 (Plaintiffs Memorandum in Support of Motion for Class Certification, p. 23).

tions of law or fact do not predominate and the only common thread amongst the proposed class members is that they each purchased Limited Coverage, Supplemental Cancer, ZH policy forms.

The defendant relies upon several cases in support of its position. However, this court does not find the cases cited by the defendant to be persuasive in the matter at hand. For instance, the defendant cites *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 226 F.R.D. 446 (S.D.N.Y.2005). In that case, the court denied class certification where the proposed plaintiffs alleged that the defendants had breached an insurance contract. The court held that class certification was inappropriate because the proposed class members had allegedly suffered injuries in different ways over different periods. *Id.* at 452.

In *Weiss*, the proposed class raised different issues as they alleged that the contract was breached in a number of different ways. In contrast, in this case, the plaintiffs allege the same breach, non-coverage of enumerated treatments and procedures pertaining to radiation and chemotherapy.

The defendant also argues that the claims of the proposed class rely on individually specific issues rather than issues common to the class. Defendant notes that thousands of individual service charges were denied for reasons other than those proposed by the plaintiff. The defendant contends that some claims may have been denied because the claim was the result of a pre-existing cancer or a claim may have been denied because the claim was submitted without a diagnosis of cancer to support the claim.

However, the arguments raised by the defendant appear to be unfounded. The parties have stipulated that of the 28 sample claimants, each had at least one claim that was denied as being "not covered" under the Radiation/Chemotherapy Benefit provision of the ZH policy.[16] As the plaintiff has stated, charges that were denied for reasons other than "not covered" (i.e. eligibility or timeliness) are not at issue in this litigation.

16. Doc. 93 (Stipulation).

Predominance requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed.R.Civ.P. 23(b)(3). As interpreted by the Fifth Circuit, "in order to 'predominate,' common issues must constitute a significant part of the individual cases." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir.1999). It is true that the proposed class is comprised of policyholders of varying ages who have been diagnosed with different types of cancer and who have accumulated various charges relating to radiation and/or chemotherapy treatment. However, the allegation made by the class is that irrespective of the type of cancer or demographics of the policyholder, the defendant had in place a company policy in which it denied payment for certain Chemotherapy and Radiation treatments. This court recognizes that some individuated issues exist. However, this court finds that the common issues are a significant part of the individual cases and therefore predominate.

### 2) Superiority

Superiority requires "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The plaintiff asserts that a class action provides the superior method for the adjudication of this dispute because of considerations for efficiency. Additionally, class certification would allow numerous plaintiffs to litigate their claims in one forum at one time.

The plaintiff contends that if this matter is not certified, the potential exists for over one hundred individual suits that would each rely on identical proof of liability.

This court agrees with the arguments put forth by the plaintiff and concludes that for reasons of fairness and judicial economy, a class action is the superior method of adjudicating these claims.

## V. Bad Faith Claims

Under Louisiana R.S. 22:657, the plaintiff has alleged that "Conseco arbitrarily and

capriciously breached their insurance contracts by denying payment of benefits to the plaintiff and the class, which are clearly covered under the policies of insurance." The defendant argues that the determination as to whether an insurer acted arbitrarily or capriciously is a fact-based analysis so a class-wide determination on the issue is inappropriate. Specifically, the defendant asserts that it is "not liable for penalties where its interpretation of its policy is reasonable and not contrary to any existing jurisprudence."

This court agrees with the defendant's premise but disagrees with the defendant's conclusion. The proposed class members have alleged that certain costs associated with radiation and chemotherapy provisions were denied as a part of a uniform corporate policy. If the interpretation the defendant gave to its contracts was reasonable, plaintiffs are not entitled to judgment in their favor. However, the fact that the plaintiffs may not ultimately prevail on the merits is not grounds to defeat class certification.

### CONCLUSION

For the reasons stated herein, the plaintiff's Motion for Class Certification is GRANTED and it is ORDERED that a class be certified pursuant to Rule 23(b)(3).

IT IS FURTHER ORDERED that two sub-classes, a Radiation Treatment sub-class and a Chemotherapy Treatment sub-class shall be certified as proposed by the plaintiff and consistent with the amendment noted in section I of this opinion.